rhs

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No.   12-1018,        William Blagogee v. Santander Consumer USA, Incorp
                      1:11-cv-00680-AJT_TRJ

**1. Jurisdiction (for appellants/petitioners only)**
**A.** Name of court or agency from which review is sought:

> THE UNITED STATES DISTRICT COURT FOR THE EASTERN
> DISTRICT OF VIRGINIA, CIVIL DIVISION

**B.** Date(s) of order or orders for which review is sought:

> Order of November 29, 2011

**2. Timeliness of notice of appeal or petition for review (for prisoners only)**
Exact date on which notice of appeal or petition for review was placed in
institution's internal mailing system for mailing to court:



**3. Issues for Review**
Use the following spaces to set forth the facts and argument in support of the
issues you wish the Court of Appeals to consider. The parties may cite case, but
citation is not required.

Issue 1.
    Whether Appellant stated plausible facts to allege that as assignee of the Retail Installment

Contract (RISC), a civil action may be brought against the Appellee, if the disclosure violations

were apparent on the face of the disclosure statement; and whether as holder of the RISC, the

regulation applies to allow Appellant to assert all claims and defenses which the Appellant could

assert against the creditor.

Supporting Facts and Argument.
    On or around December 15, 2005, Plaintiff entered into an installment payment agreement

with Passport Infiniti of Alexandria as the Creditor-Seller by signing a Retail Installment Sales

Contract for the purchase of the subject vehicle.  The RISC was financed by HSBC Auto Finance,

Inc., as creditor and subsequently assigned to Santander Consumer USA, Inc ("Appellee") for collection on the RISC payment. To the best of Appellant's knowledge the RISC was assigned to Appellee on or around March 2010 and to the best of Appellant's knowledge, Appellee has acted as assignee of the RISC since the date of the assignment by continuing to act as such, by collecting and receiving Appellant's installment payments, engaging in correspondence regarding collections and repossession, and sending Appellant's monthly statements and providing account statements. The installment note called for sixty (60) equal installment payments of $352.69 per month plus applicable late fee of 5 percent of the part of the payment that is late and beginning on the 29th of each subsequent month. Appellant has made all 60 equal monthly installments pursuant to the terms of the Retail Installment Sales Contract. Although the installment note has been paid in full, Appellee claimed Plaintiff was in default of his payment obligation because the finance charge was figured on a daily basis at the Annual Percentage Rate (APR) on the unpaid part of the Amount Financed.

**Supporting Argument:**
The standard of review under both *Twombly* and *Iqbal* is whether Appellant stated plausible facts in Appellant's amended complaint to allows the District Court to draw reasonable inferences that the Appellee is liable for the conduct alleged and whether under local Rule 7(k) Appellant offered his version of the facts by sworn statements or memorandum in response to Appellee's motion to dismiss

Plaintiff contended that the Annual Percentage Rate, the Finance Charges, the monthly installment payments, the Total Payment and the Total Sale Price were inaccurately disclosed in the Retail Installment Sales Contract and thus in violation of the Truth In Lending Act (TILA) disclosure provision promulgated under 15 U.S.C. §1638, and Regulation Z, 12 CFR §§ 226.1 et. seq. Appellant further alleged that the violation was apparent on the face of the RISC, thus as

2

assignee of the RISC, Appellee is subject to the provision of 15 U.S.C. §§ 1641(a) of the TILA and entitled to actual and statutory damages under 15 U.S.C. §§ 1640 of the TILA.

Under 15 U.S.C. §§ 1641(a) of the TILA a violation apparent on the face of the disclosure statement includes but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement [*emphasis added*] or other documents assigned or (2) a disclosure which does not use the terms required to be used by this subchapter. 15 U.S.C. § 1641(a).  See also *Ellis v. General Motors Acceptance Corp.*, 160 F. 3d 703, 708 (11th Cir. 1998). Thus in considering a claim of assignee liability, the inquiry is whether a "reasonable person can spot [any inaccuracies] on the face of the disclosure statement or the other assigned documents." See *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998).

Appellant contended in Paragraph 18 of his amended complaint and exhaustively in his memorandum in support of the amended complaint that the violation is not only inaccurate but it was apparent on the face of the RISC because a simple calculation using any financial calculator would have spotted that the monthly installment payment was inaccurate thus making the finance charge, the APR, the total payment, and the total sales price inaccurately calculated.  This determination can be easily made from the face of the RISC without consulting any extraneous documents or evidence.

Appellant contends that the District Court did not only ignore the facts stated in Paragraph 18 of the amended complaint and in the supporting memorandum but incorrectly places emphasis on the alleged discrepancy amount of less than $1.64 per month for a total of $98.30 without regard to the requirements of the statute that the disclosure is in violation of TILA if it is determined to be inaccurate. Here the disclosure is inaccurate.  More importantly, however, the court did not even consider the Regulation Z's safe harbor requirement under 12 C.F.R. Part 266.18(d)(2), that the amount disclosed as finance charge shall be treated as accurate if, in a transaction involving an

3

amount financed of...more than a $1,000, it is not more than $10 above or below the amount required to disclosed. Clearly, the court incorrectly applied the regulation's requirement as the discrepancy was more than the $10.00 required by the regulation. In this case the discrepancy as the court noted was $98.30.

Issue 2.
Whether Appellant stated plausible facts to allege that under TILA the disclosures shown on the Retail Installment Sales Contract were inaccurate.

Supporting Facts and Argument.
Here the District Court appears to comingle this issue with the issue identified under Issue 1, above. To reiterate, the issue in Issue 1, above is whether a reasonable person can spot any inaccuracy in the disclosure statement. As noted above, using any financial calculator and applying Appellee's own disclosed APR of 11.39% to the disclosed amount finance yields a correct monthly payment of $351.05 not the $352.69 shown on the disclosure statement, which at the minimum the Appellee should have spotted without consulting any extraneous documents.

Here the issue is to determine pursuant to 15 U.S.C. 1605, 1638 et. seq; Regulation Z, 12 C.F.R. §§ 226.18(d)(2) and 226.22(a) and (b) of the Truth In Lending Act, the correct Finance Charge, APR and thus the accuracy of other disclosed amounts. These disclosures must be accurately disclosed in order for Defendant to prevail. Here, the Appellee disclosed that the finance charge or the cost of credit to the Plaintiff will be $5,158.99. Upon review and assessment of the Regulation Z, and the application the APR Tables produced by the Board as published by the Office Comptroller of Currency, using the APR for Monthly Payment Plans, the Finance Charge assessed on Plaintiff's loan transaction should have been $5,114.37, and the disclosed APR should have been 11.5% instead of the rate of 11.39% disclosed in the RISC applying the Amount Financed of $16,002.41. Moreover, an application of the disclosed APR of 11.39% to the Amount Financed

4

yields a Finance Charge of $5,060.69, and not the Finance Charge disclosed in the RISC. Thus Appellee's disclosure is inaccurate and in violation 15 U.S.C. 1605, 1638 et. seq. and the tolerance level allowable under Regulation Z, 12 C.F.R. §§ 226.18(d)(2). Further, Defendant's disclosure is in violation of 15 U.S.C. §1606(c); 12 C.F.R. §§ 226.18(e) and 226.22. Under §§ 226.22(b) of Regulation Z, the APR Table produced by the Federal Reserve Board may be used to determine the APR. Upon application of the Board's APR computational software (APRWIN version 6.2) available at www.occ.trea.gov/too, the APR, using the Amount Financed of $16,002.41, a monthly payment amount of $352.69 and 60 monthly periods yields an APR of 11.594%, not the disclosed rate of 11.39%. Thus, Appellee is in violation of the tolerance provision of 0.125% allowable under 15 U.S.C. §1606(c) and promulgated under 12 C.F.R. §§ 226.22(a)(2). Further, having inaccurately disclosed the APR and the Finance Charge as required by the statutes and regulations noted above, Defendant has by extension inaccurately disclosed the Total Payment and the Total Sales Price and thus violated 15 U.S.C. 1605, 1638(c).

## Issue 3.

Whether Appellant stated plausible facts to state a claim under FDCPA upon which relief may be granted because Appellee received assignment of the RISC at the time it was in Default solely for the purpose of facilitating collection of Debt of owed to another.

## Supporting Facts and Argument.

Appellant contends that Appellee is in violation of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692(e) and 1692(f). Appellee at all times relevant to this matter is a debt collector as the term is used pursuant to 15 U.S.C. 1692(a) because Appellee is attempting to collect a debt owed or due another by the use of instrumentality of interstate commerce or the mails for the principal purpose of collecting a debt and concerns a debt which was not originated by Appellee and which

Appellee claims was in default at the time it was obtained by Appellee. Accordingly, Appellee is a debt collector.

As debt collector, Appellee is in violation of 15 U.S.C. §§1692(e)(2) of the FDCPA because Appellee made false or misleading representations as to the character, and amount or legal status of the debt because the Defendant falsely claims that additional interest of $1022.00 is owed when in fact Defendant has overcharged Plaintiff finance charges and inaccurately stated the Annual Percentage Rate. Appellee further claimed that the installment contract has not matured when in fact it has fully matured.

The District Court inaccurately stated in its order of November 29, 2011, that Appellant failed to allege that Appellee received its assignment "solely for the purpose of facilitating collection of such debt *for another*." This is not accurate because Appellant alleged in Paragraph 21 of Appellant's amended complaint that Appellee was facilitating collection of the debt owed or due another, moreover, Appellant's memorandum further alleged this fact by supplying the facts which lead Appellant to that allegation. The memorandum stated that "the retail installment contract was in default at the time it was assigned to Defendant on or around March 2010 for the purpose of facilitating collection on the installment contract because the payment due on the RISC was more than thirty days past due." Moreover, the memorandum further alleged that Appellee "identified itself as a debt collector in the account statement attached to plaintiff's verified amended complaint and noting at all times that the communication was from a debt collector."

Finally, Appellant alleged that 15 U.S.C. §1692e of the statute provides that debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. This provision requires that debt collectors clearly and fairly communicate information about the amount of the debt to debtors. Here, Appellant alleged that the information contained in the disclosure statement, the claim that additional interest is owed and the claim that

6

the note has not yet matured were all inaccurate, false or misleading, thus in violation of 15 U.S.C.

1692e.

Issue 4.

Whether the District Court has supplemental jurisdiction to determine Appellant's state claim, even if the court had no original jurisdiction.

Supporting Facts and Argument.

Appellant contended in its amended complaint that Appellee violated the terms of the RISC by changing the installment payment due date to the 5th of each subsequent month instead of the 29th of each subsequent month, charging late fees, and miscellaneous fees described as military allotment fees (even though Appellant is not in the military) and other fees described as system allocated payments before their due date without explanation or authorization.

The District Court claimed that it had no original jurisdiction over any state claim that Appellant may be attempting to assert. Appellant contends that the court has supplemental jurisdiction over these matters as they arise from the same nucleus of facts arising from the Retail Installment Sales Contract.

4. **Relief Requested**
   Appellant request that the District Court's Order of November 29, 2011, be reversed or in the alternative request that the Appeals Court issue an order remanding the case to the District Court for consideration of the facts alleged in the amended complaint and the memorandum in support of the amended complaint as required under Rule 7(k) of the Local Rules.

5. **Prior appeals (for appellants/petitioners only)**

   Appellant has no outstanding or prior appeals currently before the court.

   A. Have you filed other cases in this Court? Yes [ ] No [X]

   B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

7

Respectfully Submitted,


_____
Signature
[Notarization Not Required]


_____
William Blagogee



## CERTIFICATE OF SERVICE

I certify that on this 30ᵗʰ day of ___January___ 2012, I served a copy of this Informal Brief on all parties addresses as shown below:

Santander Consumer USA, Inc.
Serve: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060-6802

**Santander Consumer USA, Inc.**
Serve:  Reed Smith, LLP
Attn: Travis A. Sabelewski
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219-4068

_____
**Signature**

8